William D. Hyslop
United States Attorney
Eastern District of Washington
Dan H. Fruchter
Tyler H. L. Tornabene
Assistant United States Attorneys
Karla Gebel Perrin
Special Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 08, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER BORYS MISCHENKO,<br><br>Defendant. | 2:20-CR-175-RMP<br><br>INDICTMENT<br><br>Vio:  42 U.S.C. § 7413(c)(1)<br>Violation of Clean Air Act<br>Asbestos Work Practice Standards<br>(Counts 1 - 3)<br><br>42 U.S.C. § 7413(c)(1)<br>Violation of Clean Air Act<br>Asbestos Waste Disposal Standards<br>(Counts 4 - 5)<br><br>42 U.S.C. § 7413(c)(2)(B)<br>Clean Air Act Failure to Notify<br>(Count 6)<br><br>18 U.S.C. § 1001<br>False Statements<br>(Counts 7 - 11) |

INDICTMENT – 1

The Grand Jury charges:

## GENERAL ALLEGATIONS

At all times relevant to this indictment:

### *Background Information*

1. Hanson Industries, Inc. ("Hanson Industries") was a property management company located in Spokane, Washington which owns a legacy industrial property that had previously been operated as a metal production facility (the "Hanson property"). Based on the property records for Spokane County, the Hanson property does not have a mailing address, but is immediately adjacent to the property located at 2425 East Magnesium Road, Spokane, Washington in the Eastern District of Washington.

2. Building 5, also known as the "Wood Warehouse," which was constructed in approximately 1941, is one of several buildings located on the Hanson property in the Eastern District of Washington.

3. Defendant, ALEXANDER BORYS MISCHENKO, owns and operates Buck Creek Sales, which is registered as an assumed business name with the Idaho Secretary of State.

### *The Clean Air Act*

4. In 1971, asbestos was listed as a hazardous air pollutant under the Clean Air Act. 36 Fed. Reg. 5931 (Mar. 31, 1971); 42 U.S.C. § 7412 (b)(1); 40 C.F.R. § 61.01(a). An air pollutant is hazardous if it causes or contributes to air pollution which may reasonably be anticipated to result in an increase in mortality, or an increase in serious irreversible or incapacitating reversible illness. 42 U.S.C. § 7412(a)(1).

5. Congress further found that "medical science has not established any minimum level of exposure to asbestos fibers which is considered safe to individuals exposed to the fibers." 20 U.S.C. § 3601(a)(3). Because there is no

INDICTMENT – 2

concentration that is considered safe, the United States Environmental Protection Agency ("EPA") has not established an "emissions" limit for asbestos. Instead, EPA promulgated "work practice standards," pursuant to 42 U.S.C. § 7412(h), for renovation and demolition projects that direct how the material must be handled to minimize or eliminate the release of asbestos fibers into the air. These standards, known as the work practice and waste disposal standards are set forth in 40 C.F.R. §§ 61.145 and 61.150, respectively.

6. The asbestos work practice and waste disposal standards apply to demolition and renovation activities involving regulated asbestos containing material. 40 C.F.R. § 61.145. Asbestos containing material is considered regulated if it is friable, or highly likely to become friable. Friable asbestos material means any material that contains more than one (1) percent asbestos, which, when dry, can be crumbled, pulverized, or reduced to powder by hand pressure. 40 C.F.R. § 61.141

7. The asbestos work practice and waste disposal standards apply to any owner or operator of a demolition or renovation activity where the combined amount of regulated asbestos stripped, removed, dislodged, cut, drilled, or similarly disturbed is at least 160 square feet on facility components other than pipes, at least 260 linear feet on pipes, or at least 30 cubic feet. 40 C.F.R. § 61.145(a)(4).

8. The Clean Air Act's asbestos work practice and waste disposal standards describe the appropriate procedures for the notification, safe handling, stripping, removal and disposal of RACM during renovation or demolition activity. These work practice and waste disposal standards require, in pertinent part, that:

    a. Per 40 C.F.R. § 61.145(b), each owner or operator of a demolition or renovation activity shall provide the EPA Administrator with written notice at least ten (10) working days before asbestos stripping or

INDICTMENT – 3

removal work or any other activity begins (such as site preparation that would break up, dislodge or similarly disturb asbestos material);

b. Per 40 C.F.R. § 61.145(c)(2) & (3), all regulated asbestos must be adequately wetted during cutting, disjoining, or stripping operations;

c. Per 40 C.F.R. § 61.145 (c)(6), all regulated asbestos that has been removed or stripped must be kept adequately wet and remain wet until collected and contained in preparation for disposal;

d. Per 40 C.F.R. § 61.145(c)(8), no regulated asbestos shall be stripped, removed, or otherwise handled or disturbed at a facility unless at least one on-site representative, such as a foreman or management-level person or other authorized representative, trained in the provisions of asbestos regulations, is present. Records of such training must be posted and made available at the site;

e. Per 40 C.F.R. § 61.150(a)(1)(iii), after wetting, all asbestos-containing waste materials must be sealed in leak-tight containers while wet; or, put materials in leak-tight wrapping; and,

f. Per 40 C.F.R. § 61.150(b), all regulated asbestos-containing waste material must be deposited as soon as practical by the waste generator at an asbestos waste disposal site, meeting the requirements of 40 C.F.R. § 61.154, or at an EPA-approved site; and

9. The Spokane Regional Clean Air Agency ("SRCAA"), formerly known as the Spokane County Air Pollution Control Authority, is a local air agency that received delegated authority from the U.S. Environmental Protection Agency, to implement and enforce the section of the Clean Air Act related to hazardous air pollutants, 42 U.S.C. § 7412, including the asbestos program, within the Spokane area. 66 Fed. Reg. 48211-01. However, notwithstanding this

INDICTMENT – 4

delegation, EPA retained the ability and jurisdiction to enforce the requirements of this section of the Clean Air Act.

### *Asbestos Removal at the Wood Warehouse*

10. On or about October 9, 2017, Hanson Industries, Inc. and the Defendant, ALEXANDER BORYS MISCHENKO, through Buck Creek Sales, entered into a written agreement titled, "Agreement for Dismantling Wood Warehouse." Per the terms of the agreement, Hanson Industries agreed to pay Buck Creek Sales $36,150 to dismantle the "Wood Warehouse," (a/k/a Building 5), and salvage the wood. The agreement stated that the Defendant, ALEXANDER BORYS MISCHENKO, would be personally present to oversee and manage the project. The agreement also attached a breakdown of certain anticipated costs for the project, including $500 for performing an asbestos survey, and $300 to apply for and obtain a Clean Air Act permit from the Spokane Regional Clean Air Agency ("SRCAA") for the work.

11. On November 6, 2017, a certified inspector conducted an asbestos survey of Building 5 for the Defendant, ALEXANDER BORYS MISCHENKO, and Buck Creek Sales. The final report was completed and dated December 4, 2017. A copy of the final report was addressed to the Defendant, ALEXANDER BORYS MISCHENKO, and sent to an address provided by him. The survey report indicated that it was completed "to meet the requirements for asbestos inspection and due diligence" for Clean Air Act standards and concluded that there was approximately 2,600 linear feet of friable thermal systems insulation ("TSI") in the form of piping insulation, containing between 2% and 60% chrysotile asbestos. TSI is a type of regulated asbestos that is applied to piping or other structural components in order to prevent heat loss or gain and is known to contain high levels of asbestos and to present a high risk of contamination due to its friability. The report stated that, with respect to the TSI piping insulation as well

INDICTMENT – 5

as other regulated asbestos in Building 5 that the survey identified, "these materials will require removal by a licensed asbestos contractor prior to any renovation or demolition activity that would directly impact these materials."

12.    In approximately January 2018, the Defendant, ALEXANDER BORYS MISCHENKO, who is not a licensed asbestos contractor, and several workers, none of whom were licensed or adequately trained in asbestos removal, began work at Building 5. The Defendant, ALEXANDER BORYS MISCHENKO, removed and directed the removal of the TSI from piping within the building. During the removal process, a significant amount of TSI was scattered across the floor of Building 5. The removed TSI was placed in 14 large sacks, known as super sacks, and one unsealed wooden crate and transported to a separate building on the Hanson property via a large telescoping forklift known as a Sky Trak telehandler. The TSI on the floor, in the sacks, and in the wooden crate was dry and friable, meaning it would easily crumble with hand pressure. At least one of the bags was closed, but most were left open. None of the bags was leak tight. The bags were also not labeled with warning labels, nor were they labeled with the Defendant ALEXANDER BORYS MISCHENKO's name or the renovation location, as required. Each one of these work practices was conducted without the required notice to SRCAA and in violation of the applicable regulatory work practice standards.

13.    On approximately March 28, 2018, inspectors with SRCAA observed renovation work taking place near 2425 East Magnesium Road in Spokane, Washington. After contacting Hanson Industries, SRCAA was directed to the Defendant, ALEXANDER BORYS MISCHENKO, with whom an SRCAA inspector spoke on or about April 4, 2018. After the SRCAA inspector explained to the Defendant, ALEXANDER BORYS MISCHENKO, that asbestos surveys needed to be completed and that a notice of intent needed to have been filed for the

INDICTMENT – 6

activity on site, the Defendant, ALEXANDER BORYS MISCHENKO, falsely stated that the asbestos survey had concluded that Building 5 did not contain asbestos.

14. On approximately April 6, 2018, in response to concerns identified by the SRCAA inspectors who had observed the work and spoken with the Defendant, ALEXANDER BORYS MISCHENKO, SRCAA performed an inspection at Building 5 on the Hanson property. Upon entering the building, SRCAA inspectors immediately observed a large amount of white powder covering a large portion of the building's floor, as well as several large chunks of TSI. While wearing respirators, the inspectors took a sample of the suspected TSI. Subsequent analysis confirmed that the material contained between 35% and 40% homogeneous chrysotile asbestos. During the inspection, the Defendant, ALEXANDER BORYS MISCHENKO, falsely stated to SRCAA that he did not touch the asbestos and had only been inside the building salvaging materials.

15. On approximately April 11, 2018, while at the Hanson property, SRCAA inspectors again spoke with the Defendant, ALEXANDER BORYS MISCHENKO, who falsely stated that he had not contacted the licensed inspection company to perform the November 2017 asbestos survey and that he had not seen a copy of it. When asked, the Defendant, ALEXANDER BORYS MISCHENKO, falsely claimed that he did not know who removed the TSI from the pipes in Building 5. The Defendant, ALEXANDER BORYS MISCHENKO, falsely stated that the piping that he had observed and salvaged was "clean" and that it did not contain any asbestos. SRCAA inspectors again observed and took photographs of disturbed TSI on the floor of Building 5 and took samples of the TSI.

16. On approximately April 16, 2018, a certified asbestos contractor conducted a second asbestos survey in Building 5. The survey report concluded that there was TSI "scattered all around the floor of the building" as well as "Air

INDICTMENT – 7

Cell TSI scattered on the floor of the building." The contractor took samples of the "significantly damaged" friable TSI, which subsequent laboratory analysis confirmed contained between 30% and 45% of chrysotile asbestos. The contractor also took samples of the "Air Cell TSI," which subsequent laboratory analysis confirmed contained between 10% and 70% chrysotile asbestos.

17. On approximately April 30, 2018, the Defendant, ALEXANDER BORYS MISCHENKO, emailed Hanson Industries. Defendant ALEXANDER BORYS MISCHENKO's email confirmed that, contrary to his statements to SRCAA, the Defendant, ALEXANDER BORYS MISCHENKO, was aware of the November 2017 survey results and that the survey had found "pipe with asbestos wrapped around it." Defendant ALEXANDER BORYS MISCHENKO's email further stated that, contrary to his statements to SRCAA, he and his workers "[c]leaned" the pipe by removing the asbestos and bagging it in "double layer extra strong bags," and then moved the asbestos to "a safe location at the far north warehouse to be sent to a landfill outside of Spokane with the proper paper work [sic]."

18. On or about May 1, 2018, a Special Agent with the U.S. Environmental Protection Agency's Criminal Investigation Division ("EPA CID") conducted a voluntary recorded interview with the Defendant, ALEXANDER BORYS MISCHENKO, who admitted that, contrary to his prior statements to SRCAA, he had removed the asbestos from the piping in Building 5. During the interview, the Defendant, ALEXANDER BORYS MISCHENKO, admitted receiving the November 2017 asbestos survey and asserted that the asbestos abatement activity had occurred in early January 2018 and had taken approximately one week, and provided statements regarding how the work was accomplished. The Defendant, ALEXANDER BORYS MISCHENKO, admitted that he was not a certified asbestos worker. During the interview, the Defendant,

INDICTMENT – 8

ALEXANDER BORYS MISCHENKO, falsely stated that his son, who he claimed was certified to perform asbestos work in Montana, had participated in the Building 5 project. Defendant ALEXANDER BORYS further falsely denied that he was being paid for the work he had conducted at Building 5.

19. On or about May 4, 2018, field technicians from EPA's National Enforcement Investigations Center ("NEIC") took three individual samples from one of the super sacks on the Hanson property containing the asbestos-containing materials that the Defendant, ALEXANDER BORYS MISCHENKO, admitted to removing from the piping and placing in the sacks. Subsequent analysis determined that the samples contained 9%, 11%, and 41% chrysotile asbestos, respectively.

## COUNTS 1 - 3

20. The allegations contained in paragraphs 1 through 19 are realleged and incorporated by reference as though fully set forth herein.

21. Beginning on a date unknown, but by on or about December 4, 2017 and continuing until on or about May 4, 2018, in the Eastern District of Washington, the Defendant, ALEXANDER BORYS MISCHENKO, an owner or operator of the renovation activity, knowingly violated, and caused to be violated, the Clean Air Act asbestos work practice standards with regard to the renovation of Building 5 located adjacent to 2425 East Magnesium Road, Spokane, Washington, in that:

| COUNT 1 | The Defendant, ALEXANDER BORYS MISCHENKO, failed to adequately wet the regulated asbestos-containing materials during cutting, disjoining, and stripping operations, as required by 40 C.F.R. § 61.145(c)(2) & (3); |
|---------|---|

INDICTMENT – 9

| COUNT 2 | The Defendant, ALEXANDER BORYS MISCHENKO, failed to keep all regulated asbestos that had been removed and stripped adequately wet until collected and contained in preparation for disposal, as required by 40 C.F.R. § 61.145(c)(6); |
|---|---|
| COUNT 3 | The Defendant, ALEXANDER BORYS MISCHENKO, failed to have an on-site representative trained in the provisions of asbestos regulations at the facility during asbestos stripping, removal, handling and disturbing operations, as required by 40 C.F.R. § 61.145(c)(8); |

all in violation of 42 U.S.C. §§ 7412(h), 7413(c)(1), and 18 U.S.C. § 2.

## COUNTS 4 - 5

22. The allegations contained in paragraphs 1 through 21 are realleged and incorporated by reference as though fully set forth herein.

23. Beginning on a date unknown, but by on or about December 4, 2017 and continuing until on or about May 4, 2018, in the Eastern District of Washington, the Defendant, ALEXANDER BORYS MISCHENKO, an owner or operator of the renovation activity, knowingly violated, and caused to be violated, the Clean Air Act asbestos waste disposal standards with regard to the renovation of Building 5 located adjacent to 2425 East Magnesium Road, Spokane, Washington, in that:

| COUNT 4 | The Defendant, ALEXANDER BORYS MISCHENKO, failed to adequately wet asbestos-containing waste materials and, after wetting, seal all such asbestos-containing waste materials in leak-tight containers while wet, as required by 40 C.F.R. § 61.150(a)(1)(iii); |
|---|---|

INDICTMENT – 10

| COUNT 5 | The Defendant, ALEXANDER BORYS MISCHENKO, failed to deposit all regulated asbestos-containing waste material as soon as practical at an EPA-approved site, as required by 40 C.F.R. § 61.150(b); |

all in violation of 42 U.S.C. §§ 7412(h), 7413(c)(1), and 18 U.S.C. § 2.

## COUNT 6

24. The allegations contained in paragraphs 1 through 23 are realleged and incorporated by reference as though fully set forth herein.

25. Beginning on a date unknown, but by on or about December 2017 and continuing until on or about May 4, 2018, in the Eastern District of Washington, the Defendant, ALEXANDER BORYS MISCHENKO, an owner or operator of the renovation activity, knowingly violated, and caused to be violated, the Clean Air Act with regard to the renovation of Building 5 located adjacent to 2425 East Magnesium Road, Spokane, Washington, in that the Defendant, an owner or operator of a renovation activity involving approximately 2,600 linear feet of regulated asbestos, engaged in such activity, while failing to submit notification to SRCAA at least 10 days prior to the renovation activity, all in violation of 42 U.S.C. §§ 7412(h), 7413(c)(2)(B), and 18 U.S.C. § 2.

## COUNTS 7 - 11

26. The factual allegations contained in paragraphs 1 through 25 are realleged and incorporated by reference as though fully set forth herein.

27. Beginning on a date unknown, but by on or about April 4, 2018 and continuing until on or about May 1, 2018, including on the specific dates noted below, in the Eastern District of Washington and elsewhere, the Defendant, ALEXANDER BORYS MISCHENKO, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter

INDICTMENT – 11

within the jurisdiction of the executive branch of the Government of the United States, when in truth and in fact, he knew all such statements to be false, when, to wit:

| COUNT 7 | On April 4, 2018 | The Defendant, ALEXANDER BORYS MISCHENKO. falsely claimed to SRCAA inspectors that the asbestos survey had concluded that Building 5 did not contain asbestos when in fact the Defendant, ALEXANDER BORYS MISCHENKO, knew that the asbestos survey he had commissioned had concluded that Building 5 did in fact contain significant quantities of regulated asbestos; |
|---|---|---|
| COUNT 8 | On April 6, 2018 | The Defendant, ALEXANDER BORYS MISCHENKO, falsely asserted to inspectors with SRCAA that he did not remove asbestos from Building 5 and did not know who did when in fact the Defendant, ALEXANDER BORYS MISCHENKO, knew, and later admitted, that he had removed asbestos from Building 5; |

INDICTMENT – 12

| COUNT 9 | On April 11, 2018 | The Defendant, ALEXANDER BORYS MISCHENKO, falsely stated to inspectors with SRCAA that he had not contacted the licensed inspection company to perform the November 2017 asbestos survey and that he had not seen a copy of it when in fact the Defendant, ALEXANDER BORYS MISCHENKO, knew that he had commissioned the survey, had charged Hanson Properties for the survey, and that he had seen the survey; |
|---|---|---|
| COUNT 10 | On May 1, 2018 | The Defendant, ALEXANDER BORYS MISCHENKO, falsely told a Special Agent with the EPA CID that his son, who he claimed was certified to perform asbestos work in Montana, had participated in the Building 5 project when in fact the Defendant, ALEXANDER BORYS MISCHENKO, knew that his son did not participate in the Building 5 project and, at that time, was not a licensed asbestos abatement contractor; |

| COUNT 11 | On May 1, 2018 | The Defendant, ALEXANDER BORYS MISCHENKO, falsely told a Special Agent with the EPA CID that he was not being paid for the work he conducted in Building 5 when in fact the Defendant, ALEXANDER BORYS MISCHENKO, knew that he was being paid for the Building 5 work pursuant to a written contract between Hanson Properties and Defendant ALEXANDER BORYS MISCHENKO. |

all in violation of 18 U.S.C. § 1001(a)(2).

DATED this 8th day of December, 2020.

A TRUE BILL

*William D. Hyslop* (signature)
William D. Hyslop
United States Attorney

*Daniel Hugo Fruchter* (signature)
Daniel Hugo Fruchter
Assistant United States Attorney

*Tyler H.L. Tornabene* (signature)
Tyler H.L. Tornabene
Assistant United States Attorney

Karla Gebel Perrin
Special Assistant United States Attorney

INDICTMENT – 14